## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **HEATHER BROWN, TERICA LOCKHART, EDWARD DOBSON, AMANDA POTTER, CORI PULLOM, PABLO HERMIDA, GINA PARILLON, JAHMIRA MCKINLEY, STEPHEN MAZZO, PAULETTE BRADLEY, TAVARIUS JOHNSON, DEBORAH BENFIELD, and RAFAEL GONZALEZ,** | : : : : : : : : : : : : : : | |
| **Plaintiffs,** | : : | **CIVIL ACTION FILE NO. 1:14-cv-02274-WBH-AJB** |
| **v.** | : : | |
| **CREDIT MANAGEMENT, LP,** | : : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

This matter is presently before the Court on Defendant's Motion for Judgment

on the Pleadings, [Doc. 18]; Plaintiffs' Motion to Drop Parties, [Doc. 19]; and Plaintiff

Heather Brown's Motion for Leave to File a Second Amended Complaint, [Doc. 25].

For the reasons set forth below, the undersigned **RECOMMENDS** that the District

Judge **GRANT** the Motion to Drop Parties, [Doc. 19], and Motion for Leave to File a

Second Amended Complaint, [Doc. 25], and **DENY AS MOOT** the Motion for Judgment on the Pleadings, [Doc. 18].

## I.    *Background*

On July 17, 2014, Plaintiffs Heather Brown and Terica Lockhart filed a complaint styled as a Class Action Complaint for Damages and Injunctive Relief against Defendant Credit Management, LP.  [Doc. 1].  Defendant filed an answer on August 26, 2014.  [Doc. 6].

On September 16, 2014, Plaintiffs amended the complaint as a matter of course, adding Plaintiffs Cori Pullom, Paulette Bradley, Deborah Benfield, Pablo Hermida, Stephen Mazzo, Edward Dobson, Rafael Gonzalez, Tavarius Johnson, Jahmira McKinley, Gina Parillon, and Amanda Potter.  [Doc. 11].  On September 30, 2014, Defendant filed an answer to the amended complaint.  [Doc. 12].

On October 10, 2014, all parties stipulated to the dismissal of the class claims.  [Doc. 15].  On October 24, 2014, Defendant filed the motion for judgment on the pleadings.  [Doc. 18].  The same day, Plaintiffs filed the motion to drop parties, requesting that the Court drop all plaintiffs, except for the first-named Plaintiff Heather Brown, without prejudice and with leave to re-file the claims in the appropriate venue, arguing that it was appropriate to drop the other plaintiffs because the matter was no longer styled as a class-action suit, eight of the plaintiffs reside in districts other than

2

the Northern District of Georgia, and the claims arise from different transactions and occurrences. [Doc. 19]. On November 10, 2014, Plaintiff Brown entered a Notice indicating that Defendant did not oppose the motion to drop parties. [Doc. 24]. The same day, Plaintiff Brown filed the Motion for Leave to File a Second Amended Complaint, [Doc. 25], that is presently pending before the Court, explaining that complaint had been amended to reflect only the claims raised by Plaintiff Brown. Defendant did not file a response to the motion to amend, (*see* Dkt.), thus indicating that it is unopposed, *see* LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

## II.   *Discussion*

Because they are unopposed and for good cause shown, the undersigned **RECOMMENDS** that the District Judge **GRANT** the Motion to Drop Parties, [Doc. 19], without prejudice and with leave for the dropped plaintiffs to re-file their claims in the appropriate venues; **GRANT** the Motion for Leave to File a Second Amended Complaint, [Doc. 25]; and **DIRECT** the Clerk to enter the Proposed Second Amended Complaint, [Doc. 25-2], as the operative complaint in this matter.

The undersigned further recommends that the pending motion for judgment on the pleadings be denied as moot. [Doc. 18]. The second amended complaint will supersede the first amended complaint. *See Malowney v. Fed. Collection Deposit Grp.*,

AO 72A
(Rev.8/8
2)

193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").  Further, the second amended complaint will render moot the motion for judgment on the pleadings because that motion seeks to dismiss a pleading that will have been superseded.  *See Renal Treatment Ctrs.–Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 608CV87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.*, No. 8:07-CV-2143-T-30TBM, 2008 WL 434880,  at *1 (M.D. Fla. Feb. 14, 2008) (concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); *Mizzaro v. Home Depot, Inc.*, No. Civ. A. 1:06-CV-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint).

Because the pending motion for judgment on the pleadings seeks to dismiss a pleading that will be superseded by the second amended complaint, the undersigned **RECOMMENDS** to the District Judge that he **DENY** the motion **AS MOOT**. [Doc. 18].

### III.    Conclusion

The undersigned hereby **RECOMMENDS** that the District Judge **GRANT** the Motion to Drop Parties, [Doc. 19], without prejudice and with leave for the dropped plaintiffs to re-file their claims in the appropriate venues; **GRANT** the Motion for Leave to File a Second Amended Complaint, [Doc. 25]; **DIRECT** the Clerk to enter the Proposed Second Amended Complaint, [Doc. 25-2], as the operative complaint in this matter; and **DENY AS MOOT** the Motion for Judgment on the Pleadings, [Doc. 18].

**IT IS SO RECOMMENDED**, this the 15th day of December, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)